**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                                                  **DOCKET NO. 10-CR-184S**

   v.

**ERIC WILLIAMS,**

       **Defendant.**
_____

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with Title 28, United States Code, Section 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #3.

The defendant, Eric Williams, is charged in nine counts of a 23 count superseding indictment returned against 20 defendants with violations of Title 21, United States Code, Section 841 and Title 21, United States Code, Section 846. Dkt. #2. The defendant also faces a forfeiture claim pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2). Dkt. #2.

Presently pending before this Court is defendant's motion for pretrial disclosure of evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; disclosure of informants; retention of government agents' notes; disclosure of *Brady* material; joinder in co-defendants' motions; a bill of particulars; and leave to file additional motions   Dkt. #111.

The government has filed its response to the foregoing motions, as well as a motion for reciprocal discovery. Dkt. #116.

**Rules 404(b) and 609 of the Federal Rules of Evidence**

The defendant seeks an order directing the government to divulge any and all specific instances of other crimes, wrongs or acts it intends to use at trial pursuant to Rule 404(b) of the Federal Rules of Evidence and seeks an advance ruling that the government may not use prior convictions or proof of the prior commission of other crimes, wrongs, or acts to impeach the defendant at trial. Dkt. #111, p.2.

The government responds that it expects to timely disclose evidence that might fall within the ambit of Rules 404(b), 608(d) and 609 of the Federal Rules of Evidence, but argues that there is no basis for early disclosure of Rule 404(b) evidence. Dkt. #116, pp.1-2. As a preliminary matter, however, the government notifies the defendant that it intends to introduce at trial all prior criminal conduct acts or wrongs to show proof of defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident. Dkt. #116, p.3. The government notes that it is under no obligation to notify defendant of impeachment evidence pursuant to Rule 608 of the Federal Rules of Evidence and states that it is currently unaware of any evidence within the scope of Rule 609. Dkt. #116, pp.2-3.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's

request on this issue is denied as moot. Rule 609 of the Federal Rules of Evidence does not contain a required pretrial notice, therefore this aspect of defendant's motion is denied. The issue of admissibility of evidence pursuant to Rules 404(b) and 609 is best left to the determination of the trial judge at the time of trial.

**<u>Disclosure of Informants</u>**

The defendant seeks disclosure of the identity of any informants upon whom the government has relied, including those used in the investigation and those anticipated to testify at trial. Dkt. #111, p.3.

The government responds that such disclosure is unwarranted at this time. Dkt. #116, pp.4-6.

Disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089 (1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is not required to disclose identity of confidential informants). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). It is not

sufficient that the informant was a participant and witness to the crime. *Saa*, 859 F.2d at 1073.

**Government Agents' Notes**

The defendant seeks an order directing all government agents involved in the investigation and prosecution of this action to retain all handwritten notes made during the course of this investigation. Dkt. #111, p.3.

The government responds that defendant's request may go beyond the government's obligation pursuant to Title 18, United States Code, Section 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure but agrees to conform with its routine practice of retaining notes which have not been subsequently incorporated into a final report. Dkt. #116, p.7.

It appears that the defendant is attempting to have all potential *Jencks* materials preserved. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this request:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is

> no longer any excuse for official ignorance regarding the
> mandate of the law.  Where, as here, destruction is
> deliberate, sanctions will normally follow, irrespective of the
> perpetrator's motivation, unless the government can bear
> the heavy burden of demonstrating that no prejudice
> resulted to the defendant. . . .  We emphatically second the
> district court's observation that any resulting costs in the
> form of added shelf space will be more than
> counterbalanced both by gains in the fairness of trials and
> also by the shielding of sound prosecutions from
> unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  As a result, the government is directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

### *Brady* **Material**

The defendant seeks immediate disclosure of all evidence, including twelve specific categories of evidence, that would be favorable to the defendant on the issue of guilt or sentencing pursuant to the principles of *Brady v. Maryland*, 373 U.S. 383 (1963).  Dkt. #111, p.3.

The government responds that defendant's request for *Brady* material is overbroad and notes that although there is no obligation to provide such information at this time it's practice is to disclose such information as the government becomes aware of it.  Dkt. #116, pp.8-9.

At oral argument, counsel for the defendant stated that he was satisfied with the government's representation regarding its disclosure of *Brady* material. As a result, this aspect of defendant's motion is denied as moot.

**Joinder in Co-Defendants' Motions**

The defendant seeks to join in any motion made by a co-defendant that may relate to the defendant and his theory of defense. Dkt. #111, p.5.

The government opposes the defendant's request for blanket, open-ended permission to join other motions. Dkt. #116, p.10.

This request is granted with the further directive and finding that the decision made by this Court as to each co-defendant's requests contained in the motions in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Bill of Particulars**

The defendant seeks particularization, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, of each and every overt act by which the government will seek to prove defendant's membership in the alleged conspiracy and whether the "telephone counts" are alleged to be overt acts. Dkt. #111, p.6.

The government responds that there is no basis for such a request and notes that defendant has failed to demonstrate a need for particularization, particularly in light of the copious discovery provided to the defendant, including intercepted communications, narrative reports of the investigation, documents submitted in support of search warrants and electronic intercept orders, laboratory reports and surveillance reports. Dkt. #116, pp.10 & 17. More specifically, the government notes that it is not required to provide detailed information about a conspiracy, such as overt acts, or how and when the conspiracy was formed. Dkt. #116, pp.16-17.

The defendant's request for a bill of particulars is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar*, 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Fella*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing

> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary
> detail is not the function of the bill of particulars." *Hemphill
> v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Additional Motions**

The defendant seeks leave to make further and additional motions that may be required and advisable in light of the Court's ruling on the matters contained in this Decision and Order. Dkt. #111, p.6.

The government opposes this request except to the extent that the defendant establishes good cause for failing to move in a timely fashion. Dkt. #116, p.19.

The defendant's request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #116, pp.19-20. The government has requested that the defendant permit it to inspect and copy books, papers, documents, photographs and tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. Dkt. #121, p.17. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Dkt. #116, p.19. Pursuant to Rule 807 of the Federal Rules of Evidence, the government also seeks advance disclosure of any statement the defendant proposes to utilize at trial. Dkt. #116, p.20.

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted. The government's motion with respect to Rule 807 of the Federal Rules of Evidence is denied as moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED: Buffalo, New York
December 15, 2010

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**